UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 02 5779

Civil Action, File Number _____

-----------------------------------------------------------------------x

MAHENDRA TRIVEDI and PRIYAMVADA TRIVEDI    GLEESON, J.

                     Plaintiffs,

                                                     POHORELSKY, M.J.

      - against -                     )    COMPLAINT FILED
                                          )
THE CITY OF NEW YORK and THE NEW YORK    )    IN CLERK'S OFFICE
CITY DEPARTMENT OF CORRECTIONS,          )  U.S. DISTRICT COURT E.D.N.Y.
                                          )
                                          )      OCT 3 1 2002
             Defendants.         )
-----------------------------------------------------------------------x      ★ BROOKLYN OFFICE ★

        Plaintiffs, by their attorneys, EISENBERG, MARGOLIS, FRIEDMAN & MOSES,

complaining of the Defendants, respectfully allege as follows:

### INTRODUCTION

1.      That this is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983,

and 28 U.S.C. § 1343, seeking redress for the deprivation of the Plaintiffs' constitutional rights.

2.      That venue is proper in the Eastern District of the State of New York, as all of the

acts complained of occurred in Queens County in the State of New York.

3.      That this Court has jurisdiction over this action under 28 U.S.C. § 1343(a)(3) for a

violation of constitutional rights as provided in 42 U.S.C. §1983. The Plaintiffs seek monetary

damages as well as attorney fees and costs pursuant to 42 U.S.C. § 1988.

4.      That the Plaintiffs also invoke the supplemental jurisdiction of this Court over

Plaintiffs' state claims against the Defendants for common law violations pursuant to 28 U.S.C.

§ 1367 as the common law claims form part of the same case or controversy.

5.      That the Plaintiffs seek redress for violation of the Plaintiffs' rights pursuant to

the Fourth Amendment of the Constitution of the United States to be free from illegal seizures;

the Plaintiffs' rights to be free from police harassment and intimidation as provided for in the Fifth and Sixth Amendments of the Constitution of the United States; the Plaintiffs' rights to access to the Courts as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; the Plaintiffs' rights to be free from malicious prosecution, malicious abuse of process, and unlawful seizure as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; and the Plaintiffs' rights to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

6.      That the Plaintiffs are adults residing at142-07 Cherry Avenue, in the town of Flushing, in the County of Queens in the State of New York.

7.      That at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS (*hereinafter, "DOC,"*) was and still is an agency of the Defendant, THE CITY OF NEW YORK.

8.      That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK (*hereinafter, "City,"*) was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      That at all times hereinafter mentioned, the Defendant, DOC was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

10.     That at all times hereinafter mentioned, the Defendant, DOC, was and still is a public benefit corporation duly organized and existing under the laws of the State of New York.

## FACTS

11.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City owned, maintained, and controlled the various courthouses, jails and their equipment, police stations all hereinafter mentioned in this Complaint.

12.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City was the owner of a prison facility known as and by the "Queens House of Detention for Men" (*hereinafter, "the prison."*)

13.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant DOC was the owner of the prison.

14.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City operated the prison.

15.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant DOC operated the prison.

16.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City maintained the prison.

17.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant DOC maintained the prison.

18.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City managed the prison.

19.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant DOC managed the prison.

20.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City controlled the prison.

21.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant DOC controlled the prison.

22.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant City employed the warrant officers, policemen, jailers, warden, Magistrates, court attendants, clerks, and others hereinafter mentioned in this complaint.

23.     Upon information and belief, that on December 21, 2001 and up until December 31, 2001, the Defendant DOC employed the warrant officers, policemen, jailers, warden, Magistrates, court attendants, clerks, and others hereinafter mentioned in this complaint.

24.     That a Notice of Claim was duly served upon the Defendant City on March 21, 2002, setting forth:

     a.    The name and post office address of the claimant and his attorneys;

     b.    The nature of the claim;

     c.    Time when, place where, and the manner in which the claim arose;

     d.    The items of damage and injury claimed to have been sustained insofar as practical.

25.     That a Notice of Claim was duly served upon the Defendant DOC on March 21, 2002, setting forth:

     a.    The name and post office address of the claimant and his attorneys;

     b.    The nature of the claim;

     c.    Time when, place where, and the manner in which the claim arose;

     d.    The items of damage and injury claimed to have been sustained insofar as practical.

26.     That the aforementioned Notice of Claim was duly served upon the Defendants within 90 days after the cause of action stated herein accrued.

27.     That more than thirty (30) days have elapsed since the service of the Notice of Claims upon the Defendants.

28.     That the Defendants and the Comptroller of the City of New York, have failed, neglected and refused to pay, settle, compromise, or adjust the claim of the Plaintiff herein.

29.     That the Plaintiffs have made themselves available to an inquiry or statutory hearing pursuant to GML §50-h.   However, the Defendants failed, neglected and refused to request a hearing and/or inquiry pursuant to GML §50-h.

30.     That this action has been commenced within one year and ninety days after the cause of action of the Plaintiffs accrued.

31.     That the Plaintiffs have duly complied with all of the conditions precedent to the commencement of this action.

## FOR A FIRST CAUSE OF ACTION

32.     That Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if set forth here again at length.

32.     That on or about December 21, 2001, the Plaintiff MAHENDRA TRIVEDI was arrested and placed in custody in the aforementioned prison.

33.     That the Plaintiff MAHENDRA TRIVEDI was not released from custody and was illegally confined, falsely imprisoned and detained to the prison for approximately ten (10) days, from December 21, 20001 and until December 31, 2001.

34.     That the Defendant City, its agents, servants and/or employees did not adhere to, comply with or follow a Court Order that directed the release of the Plaintiff MAHENDRA TRIVEDI from the custody of the prison.

35.     That the Defendant DOC, its agents, servants and/or employees did not adhere to, comply with or follow a Court Order that directed the release of the Plaintiff MAHENDRA TRIVEDI from the custody of the prison.

36.     That the Defendant City, its agents, servants and/or employees intentionally, knowingly, wrongfully, willfully and maliciously falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI herein and unlawfully detained him and deprived him of his liberty, in violation of a Court Order to release him.

37.     That the Defendant DOC, its agents, servants and/or employees intentionally, knowingly, wrongfully, willfully and maliciously falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI herein and unlawfully detained him and deprived him of his liberty, in violation of a Court Order to release him.

38.     That the aforementioned confinement, detention and imprisonment of Plaintiff was not privileged.

39.     That the Plaintiff MAHENDRA TRIVEDI did not consent to the aforementioned confinement, detention and imprisonment.

40.     That the Plaintiff MAHENDRA TRIVEDI was conscious and aware of the aforementioned confinement, detention and imprisonment.

41.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention that the Plaintiff MAHENDRA TRIVEDI suffered, his health was impaired, Plaintiff MAHENDRA TRIVEDI suffered great mental distress and anxiety, his reputation and character

were injured, and his earning capacity has been impaired and will continue to be impaired in the future.

42.     That this action falls within one or more of the exceptions stated in CPLR §1602.

43.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention, the Plaintiff MAHENDRA TRIVEDI has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

44.     That the Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if set forth here again at length.

45.     That the Defendant City, its agents, servants and/or employees negligently, carelessly and recklessly falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI and unlawfully detained him and deprived him of his liberty, in violation of a Court Order to release him.

46.     That the Defendant DOC, its agents, servants and/or employees negligently, carelessly and recklessly falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI and unlawfully detained him and deprived him of his liberty, in violation of a Court Order to release him.

47.     That the aforementioned confinement, detention and imprisonment of the Plaintiff MAHENDRA TRIVEDI was not privileged.

48.     That the Plaintiff MAHENDRA TRIVEDI did not consent to the aforementioned confinement, detention and imprisonment.

49.     That the Plaintiff MAHENDRA TRIVEDI was conscious and aware of the aforementioned confinement, detention and imprisonment.

50.    That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention that the Plaintiff MAHENDRA TRIVEDI suffered, his health was impaired, he suffered great mental distress and anxiety, his reputation and character were injured, and his earning capacity has been impaired and will continue to be impaired in the future.

51.    That this action falls within one or more of the exceptions stated in CPLR §1602.

52.    That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention, the Plaintiff MAHENDRA TRIVEDI has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## THIRD CAUSE OF ACTION

53.    That Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if set forth here again at length

54.    That the Plaintiffs bring this action against the Defendants to redress the deprivation of certain rights secured him by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and the common law.

55.    That the Defendant City, its agents, servants and/or employees negligently, carelessly and recklessly falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI and unlawfully detained him and deprived him of his liberty, in violation of the Court's Order to release the Plaintiff.

56.    That the Defendant DOC, its agents, servants and/or employees negligently, carelessly and recklessly falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI and unlawfully detained him and deprived him of his liberty, in violation of the Court's Order to release the Plaintiff.

57.     That the aforementioned illegal confinement, detention and false imprisonment violated the Plaintiffs' rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and the common law.

58.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention that the Plaintiff MAHENDRA TRIVEDI suffered, his health was impaired, he suffered great mental distress and anxiety, his reputation and character were injured, and his earning capacity has been impaired and will continue to be impaired in the future.

59.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention, the Plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## FOURTH CAUSE OF ACTION

60.     That Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "59" with the same force and effect as if set forth here again at length.

61.     That the Plaintiffs brings this action against the Defendants to redress the deprivation of certain rights secured to them by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and the common law.

62.     That the Defendant City, its agents, servants and/or employees intentionally, knowingly, wrongfully, willfully and maliciously falsely imprisoned and confined the Plaintiff MAHENDRA TRIVEDI and unlawfully detained him and deprived him of his liberty, in violation of a Court Order to release him.

63.     That the Defendant DOC, its agents, servants and/or employees intentionally, knowingly, wrongfully, willfully and maliciously falsely imprisoned and confined the Plaintiff

MAHENDRA TRIVEDI and unlawfully detained him and deprived him of his liberty, in violation of a Court Order to release him.

64.     That the aforementioned illegal confinement, detention and false imprisonment violated Plaintiffs' rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and the common law.

65.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention that the Plaintiff MAHENDRA TRIVEDI suffered, his health was impaired, he suffered great mental distress and anxiety, his reputation and character were injured, and his earning capacity has been impaired and will continue to be impaired in the future.

66.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention, the Plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## FIFTH CAUSE OF ACTION

67.     That Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "66" with the same force and effect as if set forth here again at length.

68.     That prior to the commencement of this action and at the present time, the Plaintiff PRIYAMVADA TRIVEDI was and still is the spouse of the Plaintiff MAHENDRA TRIVEDI.

69.     That as a result of the aforementioned false arrest, illegal imprisonment, confinement and detention, the Plaintiff PRIYAMVADA TRIVEDI has been deprived of the services, consortium and companionship of her husband MAHENDRA TRIVEDI and has been caused to expend and become obligated to expend sums of money for medical attention and medicines on his behalf.

70.     That as a result of the foregoing, the Plaintiff PRIYAMVADA TRIVEDI has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

**WHEREFORE,** the Plaintiffs demand judgment as follows:

(a)     On the First Cause of Action against the Defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS;

(b)     On the Second Cause of Action against the Defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS;

(c)     On the Third Cause of Action against the Defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS;

(d)     On the Fourth Cause of Action against the Defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS;

(e)     On the Fifth Cause of Action against the Defendants in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS and

(f)     Costs and disbursement of this action, interest, including reasonable attorney fees to the plaintiff; and

(g)     Such other and further relief as this Court may deem appropriate.

Dated: New York, New York
         October 21, 2002

         Yours, etc.

         IRA M. MARGOLIS (IMM 8720)
         EISENBERG, MARGOLIS, FRIEDMAN & MOSES
         *Attorneys for the Plaintiff*
         11 Park Place, Suite 606
         New York, New York 10007
         (212) 732-5800

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action, File Number _____

----------------------------------------------------------------x

MAHENDRA TRIVEDI and PRIYAMVADA TRIVEDI,    GLEESON,

                                      Plaintiffs,     )

                                            )    POHORELSKY, M.J.

     - against -                 )    **DEMAND FOR A**

                                          )    **JURY TRIAL**

THE CITY OF NEW YORK and THE NEW YORK     )    FILED

CITY DEPARTMENT OF CORRECTIONS,        )    IN CLERK'S OFFICE

                                          )    U.S. DISTRICT COURT E.D.N.Y.

                                          )    OCT 3 1 2002

                     Defendants.     )

----------------------------------------------------------------x    **★ BROOKLYN OFFICE ★**

Please take notice that the Plaintiffs MAHENDRA TRIVEDI and

PRIYAMVADA TRIVEDI, by their attorneys, EISENBERG, MARGOLIS, FRIEDMAN

& MOSES demand a trial by jury in this action.

**CV 02 5779**


To:    THE CITY OF NEW YORK
        Corporation Counsel
        100 Church Street, 4th Floor
        New York, New York 10007

        The New York City Department of Corrections
        60 Hudson Street, 6th Floor
        New York, New York 10013

Dated: New York, New York
       October 21, 2002

                    EISENBERG, MARGOLIS, FRIEDMAN & MOSES
                    Attorneys for Plaintiffs Mahendra Trivedi and Priyamvada Trivedi

                    By: _____
                    IRA M. MARGOLIS (IMM-8721)
                    11 Park Place, Suite 606
                    New York, New York 10007
                    (212) 732-5800